UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ROBERT D. JENKINS,             )
                                   )
           Petitioner,        )
                                   )
          v.               )      No. 4:17-cv-00124-SEB-DML
                                   )
UNITED STATES OF AMERICA,    )
                                   )
           Respondent.     )

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Robert D. Jenkins for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action **dismissed with prejudice.** In addition, the Court finds that a certificate of appealability should not issue.

## I.    § 2255 Motion Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II.      Factual Background

On June 2, 2015, Mr. Jenkins was charged in count one of an Indictment with production of child pornography in violation of 18 U.S.C. § 2251(a).  *See USA v. Jenkins*, 4:15-cr-00016-SEB-VTW-1 (hereinafter "Crim. Dkt."), dkt. 12.

On August 2, 2016, with the assistance of appointed counsel, Mr. Jenkins filed a petition to enter a guilty plea and a plea agreement.  Crim. Dkt. 41.  The plea agreement explained that Mr. Jenkins's offense would ordinarily be punishable by a sentence of no more than 30 years' imprisonment; a fine of not more than $250,000, and up to a lifetime of supervised release following any term of imprisonment.  *Id.* at 1.  Mr. Jenkins and the United States also stipulated to and agreed that there were sufficient facts to support his plea of guilty.  *Id.* at 2, 7.  Mr. Jenkins further agreed that the determination of his sentence was within the discretion of the Court, and even if the Court decided to impose a sentence different than recommended by either party or determined a different advisory sentencing guideline range for any reason, he would not be permitted to withdraw his plea of guilty for that reason and would be bound by his plea of guilty. *Id.* at 2-3.  The parties did not agree to a specific sentence.  *Id.* at 4.  Finally, Mr. Jenkins agreed to waive the right to appeal or otherwise challenge his conviction.  *Id.* at 9-10.  He agreed to waive his right to appeal or challenge his sentence if the Court sentenced him to a term of imprisonment within the advisory sentencing guidelines range determined by the Court.  *Id.* at 9.  He also agreed not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any collateral attack, including an action under "18 U.S.C. § 2255" except for allegations of ineffective assistance of counsel.  *Id.* at 9-10.  The United States submitted a statement of evidence on August 30, 2016.  Crim. Dkt. 44.

The change of plea hearing was held on August 31, 2016. Crim. Dkt. 45; Crim. Dkt. 66. At the hearing, the Court noted that the charged offense was punishable by a maximum of thirty years' imprisonment and a life term of supervised release. Crim. Dkt. 66 at 4. Aside from the statutory boundaries, the plea agreement left the final sentencing decision to the Court. *Id.* at 6-7. The Court confirmed that Mr. Jenkins understood that, by entering into the plea agreement, he waived his right to a trial and an appeal on the merits. *Id.* at 7, 15. Mr. Jenkins also waived any right to appeal the supervised release conditions and sentencing so long as the Court sentenced him within the applicable guidelines. *Id.* at 7-8. Finding that Mr. Jenkins was fully competent and capable of entering an informed plea and that he was aware of the nature of the charges and the consequences of his plea such that his plea of guilty was a knowing and voluntary plea, the Court accepted Mr. Jenkins's plea and adjudged him guilty of the charged offense. *Id.* at 22.

On November 22, 2016, a presentence investigation report was filed. Crim. Dkt. 49. Mr. Jenkins did not file any objections to it. A sentencing hearing was held on January 25, 2017. Crim. Dkt. 57. The Court accepted the presentence report prepared by the United States Probations Office. *Id.* The Court determined that the Sentencing Guidelines provided an imprisonment range of 324 to 405 months. Crim. Dkt. 49, ¶ 68. The Court sentenced Mr. Jenkins to 336 months' imprisonment and ten years of supervised release. Crim. Dkt. 57. Judgment was entered on January 26, 2017. Crim. Dkt. 58. Mr. Jenkins did not file a notice of appeal.

Mr. Jenkins filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 13, 2017, and this action was opened. The United States has responded in opposition. Mr. Jenkins did not file a reply, and the time to do so has passed.

## III.    Discussion

Mr. Jenkins seeks relief pursuant to § 2255 arguing that his counsel, Mark Inman, provided ineffective assistance for: (1) failing to permit him to go to trial, confront witnesses, have a speedy trial, or provide a defense; (2) for failing to investigate alibi witnesses, failing to corroborate work records, receipts, and statements that would have exonerated Mr. Jenkins; (3) failing to challenge the validity and authenticity of alleged victim's statement as coerced by his ex-girlfriend, and failing to challenge the "selective" memory of the alleged victim; (4) failing to rebut uncorroborated and alleged criminal conduct of Mr. Jenkins as submitted in his stepsister's statement claiming Mr. Jenkins abused her when he was 15 years old, which the Court used to enhance his sentence; (5) failing to file a direct appeal; (6) filing a false continuance for trial; (7) denying his right to go to trial; (8) manipulating him to discount any desire to go to trial  by saying Mr. Jenkins would lose; and (9) withholding discovery material and information from Mr. Jenkins such that the Court had to order the disclosure.  Dkt. 2 at 4-6.  Mr. Jenkins also alleges his due process was violated when the Court refused to have his appointed counsel terminated, forcing Mr. Jenkins to accept the conflict of interest legal representation.  *Id.* at 6.

The United States argues that Mr. Jenkins's trial counsel was effective and the Court did not violate his rights when it denied his motion to appoint new counsel.  Dkt. 9.

### A.    Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011).  If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other.  *Groves v. United States,* 755

F.3d 588, 591 (7th Cir. 2014).  To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009).  The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.*  In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

As an initial matter, although Mr. Jenkins raises nine claims of ineffective assistance of counsel, he does so largely without identifying "specific acts or omission of his counsel."  *Wyatt*, 574 F.3d at 458.  The Seventh Circuit has repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); Fed R. App. P. 28(a)(4); *United States v. Brown*, 899 F.2d 677, 679 n.1 (7th Cir. 1990)).  Nonetheless, the Court will address each of his claims.

> 1.  <u>Failing to Permit him to Go to Trial, Confront Witnesses, have a Speedy Trial, or Provide a Defense</u>

Mr. Jenkins's first ground of ineffective assistance of counsel is a kitchen sink recitation that his counsel, Mark Inman, failed to allow him to go to trial, confront witnesses, obtain witnesses in his defense, have a speedy trial, and have the assistance of counsel provide a defense.  Dkt. 2 at

9. He speculates that his counsel would not want to defend him before a courtroom filled with mothers, daughters, and females in general. *Id.*

Mr. Jenkins's first ground fails to identify "specific acts or omission of his counsel." *Wyatt*, 574 F.3d at 458. In terms of allowing him to go to trial, Mr. Jenkins pleaded guilty and agreed to waive a trial. His claim regarding being barred from going to trial is also explained in more detail below.

Regarding the ability to confront witnesses and obtain witnesses in his defense, "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review." *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) (quoting *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)). "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *DeRobertis*, 811 F.2d at 1016. To meet this burden, "the petition must be accompanied with a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996). Mr. Jenkins fails to identify any potential witness or what their testimony would have been.

His claim regarding speedy trial is discussed in more detail below and is without merit.

Mr. Jenkins asserts, without specificity, that his counsel failed to provide a defense. It is true that a defense attorney has a responsibility to reasonably investigate the circumstances of the case against his client. *See Bruce v. United States*, 256 F.3d 592, 587-89 (7th Cir. 2001). With respect to trial strategy, an attorney's trial strategy is "virtually unchallengeable" after counsel has conducted a thorough investigation of his client's case. *Sullivan v. Fairman*, 819 F.3d 1382, 1391 (7th Cir. 1987) (citing *Strickland v. Washington*, 466 U.S. at 690-91). "[A] court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Here, Mr. Jenkins fails to overcome the presumption that Mr. Inman's questioning and general defense was sound trial strategy. An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Additionally, Mr. Jenkins fails to explain how he was prejudiced by his counsel's performance. Accordingly, habeas relief is not available to Mr. Jenkins on his first ground.

### 2. Failing to Investigate Alibi

Mr. Jenkins's second ground of ineffective assistance of counsel is that his counsel failed to investigate alibi witnesses or corroborate work records and purchase receipts in order to establish an alibi.

Mr. Jenkins fails to identify what witnesses or documents would have provided an alibi, and thus his claim cannot be supported. *See DeRobertis*, 811 F.2d at 1016. Thus, Mr. Jenkins fails to overcome the presumption that Mr. Inman's defense was sound trial strategy. *Frentz*, 876 F.3d at 293. Additionally, Mr. Jenkins fails to explain how he was prejudiced by his counsel's performance. Accordingly, Mr. Inman's alleged failure to investigate alibi witnesses or evidence was not ineffective assistance of counsel.

### 3. Failing to Challenge Alleged Victim's Statement

Mr. Jenkins's third claim is that his counsel was ineffective for failing to challenge the alleged victim's statement as coerced and failing to question the selective memory of the alleged victim. Dkt. 2 at 11.

7

As an initial matter, Mr. Jenkins voluntarily pleaded guilty and agreed to the Government's statement of facts regarding the alleged victim's testimony. *See* Crim. Dkt. 66 at 16-19; Crim. Dkt. 44.

Moreover, "deciding what questions to ask a prosecution witness on cross-examination is a matter of strategy." *United States v. Jackson*, 546 F.3d 801, 814 (7th Cir. 2008). Courts "do not second guess the reasonable tactical decisions of counsel." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010).

Here, Mr. Jenkins fails to overcome the presumption that Mr. Inman's questioning, or lack thereof, was sound trial strategy. An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller*, 398 F.3d at 652. Mr. Jenkins also fails to show how he was prejudiced or that there was a "reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Strickland*, 466 U.S. at 687. Thus, Mr. Jenkins fails to show that Mr. Inman's decisions regarding the alleged victim's testimony were ineffective assistance of counsel.

4. Failing to Rebut Stepsister's Statement at Sentencing

Mr. Jenkins asserts that his counsel was ineffective for failing to rebut his stepsister's statement alleging she was sexually abused by Mr. Jenkins when he was 15 and she was 5, which was used at sentencing without objection. Dkt. 2 at 11.

As previously explained, "deciding what questions to ask a prosecution witness on cross-examination is a matter of strategy." *Jackson*, 546 F.3d at 814. Courts "do not second guess the reasonable tactical decisions of counsel." *Johnson*, 624 F.3d at 792. An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller*, 398 F.3d at 652. Moreover, "the Federal Rules of Evidence do not apply at sentencing hearings." *United States v. Smith*, 280 F.3d 807, 810

(7th Cir. 2002). Thus, "a sentencing judge is free to consider a wide variety of information that would be inadmissible at trial." *Id.* (citing *United States v. Barnes*, 117 F.3d 328, 337 (7th Cir. 1997)). "All that is required is that the information bear 'sufficient indicia of reliability to support its probable accuracy." *Id.* (citing *United States v. Morrison*, 207 F.3d 962, 967 (7th Cir. 2000)).

Mr. Jenkins asserts that his stepsister's statement was uncorroborated and left un-cross-examined by Mr. Inman. However, he fails to assert that her statement was false or how her statement could have been cross-examined in the appropriate manner. Thus, Mr. Jenkins fails to overcome the presumption that Mr. Inman's questioning, or lack thereof, was sound trial strategy.

Mr. Jenkins also fails to show how he was prejudiced or that there was a "reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Strickland*, 466 U.S. at 687. Mr. Jenkins was previously convicted for molesting his minor step daughter. Crim. Dkt. 49 at 6. His stepdaughter, in that prior conviction, also testified that she saw Mr. Jenkins's molesting a minor male victim. *Id.* Mr. Jenkins subsequently admitted to molestation of both victims. *Id.* Mr. Jenkins fails to show that Mr. Inman's lack of cross-examination here was prejudicial in light of other prior, substantiated testimony of his pattern of child molestation. Thus, his counsel's failure to cross-examine at sentencing was not ineffective assistance of counsel.

### 5. Failing to File a Direct Appeal

Mr. Jenkins contends that he instructed his trial counsel to file an appeal, and counsel was ineffective for not doing so. Dkt. 2 at 11-12. Mr. Jenkins contends that he wanted to appeal his sentence, but his counsel refused to file an appeal because his sentence was within the guidelines. *Id.* at 12.

Generally, if a defendant specifically requests that his counsel file a notice of appeal on his behalf, it is *per se* ineffective assistance of counsel for him to fail to do so. *See Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012); *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011). The remedy for failure to appeal caused by ineffective assistance of counsel is a new opportunity to appeal. *Peguero v. United States*, 526 U.S. 23, 28-29 (1999). However, the general rule does not apply when an attorney declines to file a notice of appeal in the face of an appeal waiver. *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). In fact, "[w]ith a waiver in force, counsel's duty to protect his client's interests militates against filing an appeal." *Id.* That is because Seventh Circuit precedent allows a prosecutor to withdraw concessions made as part of a bargain when a defendant appeals in the face of a waiver. *Id.* (citing *United States v. Whitlow*, 287 F.3d 638 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859 (7th Cir. 2001)). Thus, in this scenario, "a lawyer should do what's best for his client, which usually means preserving the benefit of the plea bargain. That this approach also honors the lawyer's duty to avoid frivolous litigation is an extra benefit." *Id.*

Here, Mr. Jenkins expressly waived his right to appeal the conviction and sentence imposed in this case on any ground, so long as the Court sentenced Mr. Jenkins to a term of imprisonment within the guidelines range – Mr. Jenkins was sentenced within the guidelines range. *See* Crim. Dkt. 41 at 9-10; *see also* Crim. Dkt. 66 at 7-8, 15 (discussing the appeal waiver at Mr. Jenkins's change of plea hearing); Crim. Dkt. 67 at 2 (discussing the appeal waiver at Mr. Jenkins's sentencing hearing). Because Mr. Jenkins waived his right to appeal his conviction and sentence "not only in writing but also in open court," Mr. Inman was not required to disregard the waiver. *See Nunes*, 546 F.3d at 456. If Mr. Jenkins had filed an appeal, the United States would have been permitted to withdraw the concessions it made in the plea agreement, including the 3-point

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. As in *Nunes*, any appeal by Mr. Jenkins would have been one "which he could lose but not gain." *Id.* at 455. "A lawyer who respects his client's formal waiver of appeal does not render objectively deficient service," and the waiver (coupled with the plea itself) shows that Mr. Jenkins did not suffer prejudice even if his lawyer should have filed a notice of appeal." *Id.* at 453.

Accordingly, Mr. Inman's alleged failure to file a notice of appeal cannot be considered ineffective assistance of counsel.

### 6. Filing Continuances / Speedy Trial

Mr. Jenkins alleges that Mr. Inman filed multiple motions for trial continuances without consulting him, and this was ineffective assistance of counsel. Dkt. 2 at 12. He asserts this violated his right to a speedy trial and frustrated his right to expedite his case and challenge his accusers before a jury.

The Sixth Amendment protects against delays that cause prejudice to the defendant. *See United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009). However, Mr. Jenkins fails to overcome the presumption that Mr. Inman's defense and motions for continuance were sound trial strategies. *Frentz*, 876 F.3d at 293. Moreover, Mr. Jenkins fails to show he was prejudiced by any waiver of his speedy trial rights. Specifically, he fails to explain how an earlier trial date could have changed the result of his proceeding. Rather, Mr. Jenkins was likely to be more prepared with additional time to prepare than at an earlier date. Accordingly, Mr. Inman's filing of multiple motions for continuances was not ineffective assistance of counsel.

7.      Frightening Him from Trial

Mr. Jenkins next argues his counsel was ineffective for making him feel intimidated and frightened of going to trial by saying that what would only matter in the courtroom is what "the little girl says." Dkt. 2 at 12.

Mr. Jenkins fails to show that his counsel's advice "fell below objective standards for reasonably effective representation." *Strickland*, 466 U.S. at 688-94. Moreover, Mr. Jenkins fails to show how he was prejudice by Mr. Inman's counsel regarding trial. Mr. Jenkins does not allege he would not have acted any differently but for the counsel. Nor does he explain how the outcome of the proceeding would have been different. Thus, Mr. Inman's alleged "manipulation" is not ineffective assistance of counsel.

8.      Manipulating Him from Going to Trial

Mr. Jenkins asserts his counsel was ineffective by manipulating him to discount any reason for Mr. Jenkins to proceed to trial. Dkt. 2. at 12-13. The Court construes Mr. Jenkins to argue that he was coerced into accepting the plea agreement.

His contention that he was manipulated into foregoing a trial and a plea agreement "is belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

During the change of plea hearing, the Court reviewed the charge and the penalties Mr. Jenkins faced. Mr. Jenkins responded that he understood. Crim. Dkt. 66 at 3-5. The Court then inquired as to whether Mr. Jenkins was satisfied with his representation and was pleading guilty of his free will, free from threats, coercion or any promises or assurances other than what was contained in the plea agreement:

THE COURT: Have you read [the entire plea agreement], sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you gone over it with Mr. Inman so you know exactly what it says and what it means?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did anyone persuade you or coerce you against your will to enter into this agreement?

THE DEFENDANT: No, ma'am.

THE COURT: Was it a decision you made freely and voluntarily after you consulted with Mr. Inman, but otherwise on your own?

THE DEFENDANT: Yes, ma'am.

…
THE COURT: Do you have any questions you want to ask me about this plea agreement?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Is Mr. Inman your court appointed counsel?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with his representation?

THE DEFENDANT: Yes, ma'am.

*Id*. at 6-9. Mr. Jenkins reiterated that he had not been coerced. *Id.* at 16 ("THE COURT: Has anyone persuaded or coerced you against your will to make those decisions? THE DEFENDANT:

No, ma'am."). The Court also reviewed the details of the plea agreement and the government's

statement of evidence. *Id.* at 5-21. Having done so, the Court found that:

> It is the finding of the Court in the case of United States of America versus Robert
> D. Jenkins, that Mr. Jenkins is fully competent and capable of entering an informed
> plea, that he's aware of the nature of the charges and the consequences of his plea,
> that his plea of guilty is a knowing and voluntary plea supported by an independent
> basis in fact containing each of the essential elements of the offense. His plea is
> therefore accepted, and he's now adjudged guilty of the offense charged in the
> indictment.

Crim. Dkt. 66 at 22.

Mr. Jenkins fails to provide a compelling reason why the statements he made to the Court

are now false. Despite several opportunities to do so during the change of plea hearing, Mr. Jenkins

never objected to the plea agreement, never informed the Court he was dissatisfied with his

attorney, or asserted that he was being coerced. Rather, he stated that he was pleading guilty of

his own free will, having understood his charge and the potential sentencing, and that he was fully

satisfied with his attorney's assistance. His statements to the Court are given a "strong

presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's

statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.

1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely

given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements

made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

Without more, Mr. Jenkins cannot now allege that his statements in court were lies.

Accordingly, Mr. Jenkins's allegation that his attorney manipulated him into taking the plea

agreement must also be rejected.

9.      Withholding Discovery

Mr. Jenkins argues that his counsel was ineffective for failing to provide him with *Brady* discovery material and he had to have the Court order his counsel to provide Mr. Jenkins with discovery.  It is unclear what Mr. Jenkins is referring to as: (1) Mr. Jenkins fails to identify what discovery his counsel failed to provide him with; and (2) the Court did not issue an order to his counsel to provide Mr. Jenkins with discovery.  Because the veracity of Mr. Jenkins's claim is in question, Mr. Jenkins fails to show Mr. Inman was deficient in his performance.  Moreover, Mr. Jenkins fails to show he was prejudiced where he fails to identify what material should have been disclosed and how that material could have benefited him.  Accordingly, Mr. Inman's alleged failure to provide discovery was not ineffective assistance of counsel.

**B.      Due Process Violated with Court's Refusal to Grant New Counsel**

Mr. Jenkins asserts that his due process rights were violated because the Court refused to terminate his counsel's representation of him. Dkt. 2 at 13.  He alleges that there was a conflict of interest, dkt. 2 at 6, but no conflict of interest is identified.  Rather, it appears his chief complaint with his counsel is his belief that his counsel is ineffective.  *See* dkt. 2 at 13 ("A research on Bender's reveal that Petitioners' counsel has yet to prevail on appeal in the circuit he practices in 50 cases listed with his representation.").

It is well settled that failure to appoint new counsel does not constitute a violation of the Fifth or Sixth Amendment when the petitioner "received the effective assistance of counsel" and there is no indication "that the trial was fundamentally unfair."  *Peters v. Gray*, 494 F.2d 327, 329 (7th Cir. 1974) (per curiam).  Dissatisfaction with appointed counsel alone is not sufficient grounds to require appointment of new counsel.  *See id.*  Courts have "broad discretion in determining

15

whether to disqualify a defendant's representation." *United States v. Tocco*, 575 F. Supp. 100, 102 (N.D. Ill. 1983) (citing *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir. 1976)).

Mr. Jenkins fails to show that his counsel was so deficient as to require appointment of new counsel. Rather, the Court has already found that all of Mr. Jenkins's alleged claims of ineffective assistance of counsel are without merit and belied by his own statements at his change of plea hearing. Although Mr. Jenkins's alleges that there was a conflict of interest, he fails to explain what conflict of interest he believes existed or provide any support for his allegations. Accordingly, his argument is waived. Thus, Mr. Jenkins's claim that the Court improperly refused his request for new counsel is also without merit.

## IV. Conclusion

For the reasons explained in this Entry, Mr. Jenkins is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his due process rights were not violated. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the clerk shall **docket a copy of this Entry in No. 4:15-CR-00016-seb-vtw-1.** The motion to vacate shall also be **terminated** in the underlying criminal action.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Jenkins has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:        8/20/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT D. JENKINS
12716-028
WILLIAMSBURG - FCI
WILLIAMSBURG FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 340
SALTERS, SC 29590

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov